|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| FLORENTINO RIVERA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CENTRO MÉDICO DEL TURABO, INC.<br>d/b/a HIMA SAN PABLO CAGUAS,<br>et al.,<br><br>    Defendants. | Civil No. 07-1137 (JAF) |

**OPINION AND ORDER**

Plaintiffs Florentino Rivera ("Rivera"), his wife, Carmen de León Rivera ("de León"), and their conjugal partnership bring the present diversity action against Defendants Centro Médico del Turabo, Inc. d/b/a HIMA San Pablo Caguas ("HIMA"), Dr. Marcial Walker ("Dr. Walker"), Dr. Lydia Díaz Borrás ("Dr. Díaz"), and others, alleging medical malpractice and emotional distress arising therefrom in violation of, inter alia, 31 L.P.R.A. §§ 5141, 5142 (2007). Docket Document No. 1. Defendant HIMA moves to dismiss the claims without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that we should enforce the forum-selection clause, which requires Plaintiff Rivera to file his claims in Commonwealth court.[1] Docket Document No. 17 (citing FED. R. CIV.

---

[1] In this circuit, Rule 12(b)(6) is the proper vehicle by which to raise a forum-selection clause defense. Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387 n.3 (1st Cir. 2001).

P. 12(b)(6)(2007)).  For the reasons stated below, we grant HIMA's motion.

## I.

### **Factual and Procedural Synopsis**

We derive the following factual summary from Plaintiffs' Complaint.  Docket Document No. 1.  As we must, we assume all of their allegations are true and we make all reasonable inferences in their favor.  Alternative Energy, Inc. v. St. Paul Fire and Marine Ins., Co., 267 F.3d 30, 36 (1st Cir. 2001).  In addition, we consider two documents submitted by HIMA that contain the forum-selection clause at issue in this case.  Id. at 33 (stating that a court may consider documents outside of the complaint if their authenticity is not disputed by the parties).

On November 9, 2005, Dr. Walker performed a prostate biopsy on Rivera, a 65-year-old man with a history of asthma, hypertension, and elevated cholesterol.  Because the results of the biopsy revealed that Rivera had prostate cancer, Dr. Walker recommended that Rivera have his prostate surgically removed.  Dr. Díaz provided Rivera with medical clearance for the surgery, declaring him to be sufficiently clinically stable to undergo the procedure.  The surgery took place on February 21, 2007, at HIMA, a hospital located in Caguas, Puerto Rico.

Before Rivera was admitted for surgery, he signed two medical consent forms authorizing HIMA's doctors to perform the surgery and administer anesthesia to him during the procedure. Docket Document No. 17. Each of the consent forms contained a forum-selection clause stating: "In the event that by act or omission I consider that physical, emotional or economic damages have been caused to me, I expressly agree to submit to the Jurisdiction of the Court of First Instance of the Commonwealth of Puerto Rico, for any possible claim." Id. The clause appeared in bold font and had a space below it for the patient's initials. Id. Rivera signed both consent forms and initialed the forum-selection clause contained in each form. Id.

Rivera lost a significant amount of blood during the surgery, requiring him to receive blood transfusions. He also suffered from numerous complications after the surgery.

Plaintiffs filed their complaint on February 16, 2007. Docket Document No. 1. Among the claims in the complaint are Rivera's malpractice claim and de León's related emotional distress claim against HIMA, alleging that HIMA was negligent in hiring the doctors that treated Rivera, and in failing to maintain adequate quality control measures. Id. HIMA moved to dismiss Plaintiffs' complaint on April 26, 2007, asserting that we should enforce the forum-selection clause, which requires Plaintiff Rivera to file his claims in Commonwealth court. Docket Document No. 17. Plaintiffs opposed

Civil No. 07-1137 (JAF)                                                    -4-

on May 18, 2007. Docket Document No. 25. HIMA filed its reply on June 14, 2007, Docket Document No. 33, and HIMA sur-replied on June 26, 2007. Docket Document No. 38.

There are also several other motions pending before the court that were filed by Plaintiffs, including a motion to set aside the scheduling order, Docket Document No. 29; a motion for leave to file their First Amended Complaint, Docket Document No. 31; a motion for an extension of time to further amend the complaint, Docket Document No. 32; and a motion for leave to file a Second Amended Complaint, Docket Document No. 39.

**II.**

**Motion To Dismiss Standard under Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against him based solely on the pleadings for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, "we accept as true the factual averments of the complaint and draw all reasonable inferences therefrom in the plaintiffs' favor." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 62 (1st Cir. 2004). We then determine whether the plaintiff has stated a claim under which relief can be granted.

Civil No. 07-1137 (JAF)                                                    -5-

We note that a plaintiff must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a) in order to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); Morales-Villalobos v. Garcia-Llorens, 316 F.3d 51, 52-53 (1st Cir. 2003); DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55-56 (1st Cir. 1999). A plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and need only give the respondent fair notice of the nature of the claim and petitioner's basis for it. Swierkiewicz, 534 U.S. at 512-515. "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**III.**

**Analysis**

HIMA moves to dismiss Plaintiffs' claims without prejudice, asserting that they are bound by a forum-selection clause contained in two documents signed by Rivera. Docket Document No. 17. The clause states that all claims arising out Rivera's treatment at HIMA must be litigated in the Commonwealth Court of First Instance. Id.

Civil No. 07-1137 (JAF)                                                -6-

We apply federal common law to determine whether the forum-selection clause in this case is enforceable. Silva v. Encyclopedia Britannica, Inc, 239 F.3d 385, 386 n.1 (1st Cir. 2001) (applying federal common law after noting that "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses"). Under federal law, a forum-selection clause containing mandatory language is presumptively valid. Intercall Telecomm., Inc. v. Instant Impact, Inc., 376 F. Supp. 2d 155, 158 (D.P.R. 2005). A mandatory clause "requires that the litigation be brought only in the chosen forum, to the exclusion of others." Id. On the other hand, a permissive clause "allows the parties to litigate in the chosen forum, but does not purport to exclude them from litigating in some other forum that otherwise had jurisdiction." Id. Here, the clause is mandatory; it states that the patient "expressly agrees" that "any possible claim" for damages, whether caused by act or omission, will be litigated in the Commonwealth Court of First Instance. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 20 (1972) (finding that a clause stating that "any dispute arising must be treated before the London Court of Justice" was mandatory).

A mandatory clause will be enforced unless: (1) "it was not freely negotiated or was the result of overweening bargaining power or fraud"; (2) "it contravenes a strong public policy of the forum where the suit is brought"; or (3) "the party challenging its

enforceability shows that trial in [the] contractual forum will be so gravely difficult and inconvenient that it will, for all practical purposes, be deprived of its day in court." Gonzalez v. Avatar Realty, Inc., 177 F. Supp. 2d 101, 103-04 (D.P.R. 2001) (internal quotations omitted). The party objecting to the validity of the clause bears the burden of proving that it should not be enforced. M/S Bremen, 407 U.S. at 10.

Plaintiffs' primary argument is that the forum-selection clause was obtained by overreaching. Docket Document No. 25. Rivera contends that HIMA's employees did not discuss the clause with him and no one told him that he could consult an attorney before signing the medical forms. Id. In addition, he had just been diagnosed with cancer and was told that he had to undergo a life-saving surgical procedure. Id. Due to these circumstances, Rivera alleges that he was unable to fully consider or appreciate the ramifications of the forum-selection clause when he signed the medical forms. Id.

Although Rivera was presumably upset or stressed when he signed the medical forms, these arguments are insufficient to prove overreaching. The forum clause at issue is what is known as a "boilerplate" provision, which is standardized language that a proposing party inserts into a variety of documents and generally views as relatively nonnegotiable. See BLACK'S LEGAL DICTIONARY 167 (7th ed. 1999). HIMA was not required to discuss the forum-

selection clause with Rivera because boilerplate provisions do not have to be bargained for or discussed to be valid and enforceable. See Lambert v. Kysar, 983 F.2d 1110, 1119-20 (1st Cir. 1993) ("It is not the law that one must bargain for each and every written term of a contract; simply because the [forum-selection clause] was part of what is called the 'boilerplate' section of the contract does not in itself make it unfair."); see also Silva, 239 F.3d at 389 (affirming the enforceability of a forum-selection clause that was a boilerplate provision written in small print on the reverse side of the contract).

A forum-selection clause contained in a form contract will be upheld, as long as there was sufficient notice of the clause in the contract and it was not fundamentally unfair. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991). Rivera was given sufficient notice of the terms of the forum provision. It was written in clear, unambiguous language, and in bold font. See Docket Document No. 17. Rivera signed both consent forms and initialed the forum-selection clause contained in each form. Id. Moreover, we find that the clause was fair because Rivera could have sought treatment elsewhere, but chose to have his surgery at HIMA, and it was foreseeable that all claims filed against HIMA would be litigated in Puerto Rico, where the hospital is located. See Shute, 499 U.S. at 595 (finding that the forum-selection clause was fair

because, inter alia, plaintiffs could have rejected the contract and the forum selected was the location of defendant's principal place of business).

Plaintiffs' final argument, asserting that the clause violates their constitutional right to litigate their claims in a federal court before a jury, is similarly unavailing. Docket Document No. 25. The Seventh Amendment, which grants litigants the right to a jury trial in civil cases, is limited in scope in that it only applies to federal cases. See U.S. Const. amend. VII. See Minneapolis & S.L.R. Co. v. Bombolis, 241 U.S. 211, 217 (1916); cf. Heghmann v. Fermanian, No. 99-336, 200 U.S. Dist. LEXIS 8562, at *11 (D. Me. June 16, 2000) (finding that Maine law denying plaintiffs opportunity to resolve small claims by jury trial was not unconstitutional because the Seventh Amendment does not apply to states). Not surprisingly, courts have enforced forum-selection clauses requiring plaintiffs to file their claims in state court without discussing whether jury trials are available in such fora. See, e.g., Red Mountain Retail Group, Inc. v. BCB, L.L.C., No. 05-2557, 2006 U.S. Dist. LEXIS 24923, at *5-6 (D. Kan. Apr. 27, 2006)(enforcing forum-selection clause requiring resolution of claims in state court without discussing the availability of jury trials in that forum); Key Motorsports, Inc v. Speedvision Network, L.L.C., 40 F. Supp. 2d 344, 345, 349 (M.D.N.C. 1999) (same). Courts

have also often enforced forum-selection clauses that require parties to submit their claims to foreign courts, where jury trials are rarely available. See, e.g., Fireman's Fund Ins. Co. v. Cho Yang Shipping Co., 131 F.3d 1336, 1340 (9th Cir. 1997)(finding foreign forum-selection clause limiting resolution of claims to Korean courts to be enforceable); see also Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 457 n.4 (9th Cir. 2007)(noting that plaintiffs' argument that enforcement of the foreign forum-selection clause would violate their Seventh Amendment fails because it "would render contrary to public policy almost any forum-selection clause providing for resolution in a foreign country, as very few countries provide for jury trials in civil cases"). As such, we find that the forum-selection clause at issue does not violate Plaintiffs' Seventh Amendment rights and, therefore, conclude that the clause is enforceable.

The only remaining question is whether the forum-selection clause applies to Plaintiff de León's claim against HIMA, which seeks recovery for the emotional distress that she has experienced as a result of having to witness her husband suffer from surgery-related complications. Docket Document No. 1. Plaintiffs contend that the clause is not binding on de León because she did not sign the medical consent forms. Docket Document No. 25. This argument is unpersuasive. de León's claim involves the same operative facts as

Rivera's claim and should, therefore, be dismissed and refiled together with Rivera's claims in the Commonwealth Court of the First Instance. Cf. Lambert v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1993)("[C]ontract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties.").

## IV.
## Conclusion

For the foregoing reasons, we **GRANT** Defendant HIMA's motion to dismiss, Docket Document No. 17. Plaintiffs' claims against HIMA, Docket Document No. 1, shall be dismissed without prejudice. Accordingly, HIMA's motion to set aside the scheduling order, Docket Document No. 29, is **MOOT**.

In addition, and because state courts will have to address future issues, we **abstain** from deciding Plaintiffs' request for an extension of time to amend their pleadings, Docket Document No. 32, and their motion for leave to file their Second Amended Complaint, Docket Document No. 39. We also find that Plaintiffs' previous motion for leave to file their First Amended Complaint is **MOOT**, Docket Document No. 31.

Finally, we note that HIMA's arguments regarding the enforceability of the forum-selection clause at issue may equally apply to all remaining defendants, including recently-added

Civil No. 07-1137 (JAF)                                                        -12-

1   defendants listed in the Second Amended Complaint.  Thus, Plaintiffs
2   have **until August 27, 2007** to show cause why their claims against
3   remaining defendants should not be dismissed as well.  Defendants
4   will have **until September 11, 2007** to respond.
5       **IT IS SO ORDERED.**
6       San Juan, Puerto Rico, this 15th day of August, 2007.
7                                       S/José Antonio Fusté
8                                       JOSE ANTONIO FUSTE
9                                       Chief U.S. District Judge